THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON ROBERTS,<br><br>Defendant. | CASE NO. CR10-0122-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 156). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In 2010, Defendant Aaron Roberts pled guilty to conspiracy to distribute cocaine, OxyContin, and marijuana. (Dkt. No. 45.) On December 17, 2010, the Court sentenced Mr. Roberts to 84 months in prison, with four years of supervised release to follow. (Dkt. Nos. 65, 107.) When the federal sentencing guidelines were retroactively amended, the Court reduced Mr. Roberts' prison sentence to time served, and he was released after serving approximately 58 months in prison. (Dkt. No. 136.) Mr. Roberts now moves for early termination of his supervised release, which is set to expire on October 29, 2019. (Dkt. No. 156.)

Mr. Roberts asserts that early termination is warranted because he has complied with the terms of his release and has succeeded in re-integrating into the community. (*Id.*; Dkt. No. 156-1.) Therefore, Mr. Roberts argues, when he completes his term of state supervision at the end of 2018, continued federal supervision will no longer serve a useful purpose. (*Id.*) The Government and U.S. Probation Department oppose terminating Mr. Roberts' supervised release, citing his violent criminal history. (Dkt. No. 157.) Additionally, after the parties filed their briefs, Probation and the Government alerted the Court that Mr. Roberts had been arrested after testing positive for the use of marijuana. (Dkt. No. 159.)

## II. DISCUSSION

### A. Legal Standard

The Court may terminate a term of supervised release at any time after the defendant has served at least one year of the term if it finds that termination is warranted by the defendant's conduct, and that doing so is in the interests of justice. 18 U.S.C. § 3583(e)(1). When ruling on a motion for early termination, the Court must consider various factors, including the nature of the defendant's crime, the defendant's characteristics, the need to protect the public from further criminal conduct, the need to provide the defendant access to correctional support, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *Id.* (citing factors in 18 U.S.C. § 3553(a)).

### B. Mr. Roberts' Motion for Early Termination

Mr. Roberts' criminal history and the circumstances of the offense for which he was convicted weigh against terminating his remaining term of supervised release. Mr. Roberts has a substantial criminal history spanning nearly two decades, including several violent offenses involving firearms. (*See* Dkt. No. 157 at 2.) Likewise, his criminal conduct in this case, while not overtly violent, involved the illegal possession of a firearm. (*Id.*)

Conversely, Mr. Roberts' conduct while on supervised release has been commendable. (*See* Dkt. Nos. 156, 157.) After his release from prison, Mr. Roberts worked to acquire job skills

until he was able to open his own residential remodeling company, which he continues to manage. (Dkt. No. 156-1 at 1.) Until very recently, Mr. Roberts was in total compliance with the terms of his release and had no further contact with the criminal justice system. (Dkt. No. 156 at 2.) However, Mr. Roberts' recent arrest after testing positive for the use of marijuana suggests that continuing federal supervision may provide an important source of correctional support over the next year. (Dkt. No. 159.)

Furthermore, while the Court does not perceive a risk of unwarranted sentencing disparity in granting the motion, Mr. Roberts offers no compelling reason to demonstrate that early termination is in the interests of justice. Besides stating that he hopes to travel during 2019, Mr. Roberts fails to indicate how continuing supervision is inappropriately harsh or burdensome. (Dkt. No. 156-1 at 2.)

In sum, the Court finds that it is appropriate to maintain Mr. Roberts' final year of supervision, both to ensure that he completes his successful re-integration into the community, and to protect the public from the possibility of further criminal conduct. *See* 18 U.S.C. § 3553(a).

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 156) is DENIED.

DATED this 9th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE